**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY REINLASODER, | No. 14-35253 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00107-SEH |
| v. | |
| CITY OF COLSTRIP; MAYOR ROSE HANSER, In her Individual and Official Capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 1, 2016[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and DAVIS,[***] Circuit Judges.

Appellant Larry Reinlasoder brought this action pursuant to 42 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

§ 1983 against the City of Colstrip, Montana, and its mayor, Rose Hanser (collectively "the City"), after he was fired from his job as Colstrip's chief of police. The district court granted summary judgment for the City as to Reinlasoder's federal due process claims, declined to exercise supplemental jurisdiction over Reinlasoder's remaining state law claims, and denied his motion to file a second amended complaint. For the reasons stated below, we affirm.

1. We review de novo a district court's grant of summary judgment. *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011). "We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002)).

2. On the undisputed record, Reinlasoder received adequate pretermination process as a matter of law. The Due Process Clause requires a public employer who seeks to terminate an employee to provide the employee with a pretermination hearing or "some opportunity for the employee to present his side of the case . . . before the termination takes effect." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985). Such a "pretermination 'hearing,' though necessary, need not be elaborate." *Id.* at 545. "The essential requirements of due process . . . are

notice and an opportunity to respond." *Id.* at 546. Thus, due process requires no more than "oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." *Id.*

Here, the City provided Reinlasoder with written notice of the charges against him, an explanation of the evidence supporting those charges, and multiple opportunities to respond in person or in writing. Reinlasoder therefore received constitutionally adequate pretermination process, and the district court properly granted summary judgment for the City on this claim.

3. Reinlasoder also received legally adequate post-termination process, as demonstrated by the undisputed record. The Supreme Court has held that "all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures as provided by [state law]." *Id.* at 547–48. Even though Reinlasoder chose not to attend the post-termination hearing, the Police Commission conducted a public hearing that complied with the procedures prescribed by Montana law. *See, e.g.*, Mont. Code Ann. § 7-32-4164 (providing the right to appeal a termination decision to the Police Commission); *id.* § 7-32-4157 (outlining the appealing police officer's right to be present, to be represented by counsel, and to present evidence at the hearing); *id.* § 7-32-4158

3

(establishing the right to a public hearing); *id.* § 7-32-4155(2) (explaining that the appeal shall follow the rules of evidence); *cf. Correa v. Nampa Sch. Dist. No. 131*, 645 F.2d 814, 817 (9th Cir. 1981) ("[W]here adequate administrative procedures exist, a person cannot state a claim for denial of procedural rights when he has elected to forego a complete hearing.").

Reinlasoder asserts that he and his counsel chose not attend the post-termination hearing because the Police Commission was biased against him, rendering the hearing a sham. Reinlasoder suggests that Mayor Hanser purposefully reconstituted the Commission specifically to ensure that it would consistently affirm disciplinary actions against him, as the formerly constituted Commission had not. But the record, even when viewed in Reinlasoder's favor, contains no evidence to support this speculation. *Cf. Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 780 (9th Cir. 1982) (holding that a teacher appealing his termination failed to demonstrate that a member of the school board was biased or deprived the teacher of a fair hearing where the board member's son was dating one of the students who had filed charges against the teacher). Reinlasoder identifies no instances of bias or inadequacy in the Commission's hearing or ultimate decision. Because Reinlasoder received pretermination opportunities to respond to the charges against him, and because the Police Commission complied

4

with the post-termination administrative procedures prescribed by Montana law, the district court properly held that the City was entitled to judgment as a matter of law on Reinlasoder's procedural due process claims.

4. The district court likewise did not err in granting summary judgment for the City with respect to Reinlasoder's substantive due process claim. Reinlasoder argues on appeal that the City's statements to the media about his termination and his alleged proclivity for viewing pornography have prevented him from finding employment. This allegation does not appear in Reinlasoder's amended complaint except insofar as the complaint contains a bare assertion that the City "defamed Mr. Reinlasoder." Moreover, this Court has not recognized conduct of the kind that Reinlasoder now alleges as constituting a deprivation of substantive due process rights. *See, e.g.*, *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 997–98 (9th Cir. 2007) (noting that a substantive due process claim for a public employer's deprivation of occupational liberty may lie only in "extreme cases, such as a 'government blacklist . . .' [or a] legislative action that effectively ban[s] a person from a profession") (citation omitted). Summary judgment for the City on this matter was appropriate.

5. Further, the district court did not abuse its discretion in denying Reinlasoder's motion for leave to file a second amended complaint. We review a

5

district court's denial of leave to amend "for an abuse of discretion, keeping in mind the strong policy in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016 (9th Cir. 1999) (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)). However, "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Id.* at 1016–17 (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)).

Reinlasoder sought leave to file a second amended complaint for two reasons. First, he wished to specifically allege a substantive due process claim regarding the City's publication of false statements about him that deprived him of his liberty interest in working in his chosen profession. Second, he sought to plead factual allegations regarding the City's destruction of evidence, allegations that Reinlasoder argued would support his pretermination procedural due process claim.

The district court did not abuse its discretion in denying this motion. In addition to presenting issues of undue delay and prejudice, the proposed amendments would have been futile. As explained above, viable claims for

6

violations of substantive due process rights from deprivations of occupational liberty arise only in extreme cases with circumstances that differ materially from those Reinlasoder wished to allege in this case. And additional facts regarding the alleged destruction of evidence would not have altered the fate of Reinlasoder's procedural due process claim, as Reinlasoder still received notice of the charges against him, an explanation of the City's evidence supporting the charges, and several opportunities to respond.

6. The parties also dispute whether we may consider certain pieces of evidence. We need not resolve this dispute, as the evidence in question is unrelated to the adequacy of the process that Reinlasoder received or whether he was deprived of a constitutionally recognized liberty interest in his chosen profession. In other words, whether or not we consider the evidence does not affect our holdings above.

7. Finally, the City filed a motion to dismiss this appeal based on principles of claim preclusion. The motion arises from the reversal by the Montana Supreme Court of a judgment on a jury verdict in favor of Reinlasoder, who litigated his state law claims in state court after their dismissal without prejudice in this case. Because we affirm the judgment of the district court on the merits, we deny the motion to dismiss as moot.

**AFFIRMED.**